NO. 07-06-0182-CR


 07-06-0183-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 27, 2007


______________________________


 

LORREN DEAN ROBY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 6869, 6870; HONORABLE DAVID L. GLEASON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Lorren Dean Roby appeals his convictions for the felony offenses of
aggravated sexual assault and indecency with a child. We agree with appointed counsel's
conclusion that the record in these companion appeals fails to show any meritorious issue
which would support either appeal and affirm the trial court's judgments. 

 In two separate indictments appellant was charged with touching the genitals of the
victim on one occasion and penetrating the same victim's sexual organ in a separate event.
The offenses were alleged to have occurred approximately one month apart. The charges
were consolidated for trial (1) and appellant pled not guilty to each. The jury found him guilty
on both counts as alleged in the indictments. The jury assessed punishment at 20 years
confinement on the charge of indecency with a child and 60 years confinement on the
aggravated sexual assault charge. The trial court rendered judgments in conformity with
the jury's verdicts and ordered the sentences to run concurrently. 

 Appellant's counsel has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he
represents he has searched the record and in his professional opinion, under the
controlling authorities and facts of the case, there is no reversible error or legitimate
grounds for appeal. Counsel has informed appellant by letter of his right to review the trial
record and to file a pro se response. Johnson v. State, 885 S.W.2d 641, 645
(Tex.App.-Waco 1994, pet. ref'd). By letter this court also notified appellant of his
opportunity to submit a response to the Anders brief and motion to withdraw filed by his
counsel. Appellant has not filed a brief or other response. Nor has the State filed a brief
in either appeal. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 Counsel's brief lists two potential issues. The first discusses the procedural history
of the case finding the record fails to show reversible error. The second issue recites the
standards by which claims of ineffective assistance of counsel are reviewed. Without
discussing trial counsel's performance, appellate counsel concludes no error is shown in
the record. Our review of counsel's brief and the record convinces us that appellate
counsel conducted a review of the record. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Stafford,
813 S.W.2d at 511. That record shows trial counsel's performance was not deficient. It
shows he was thoroughly familiar with the facts of the case, actively cross-examined
witnesses and successfully advanced objections. We agree the record presents no
meritorious grounds for review. We grant counsel's motion to withdraw, and affirm the
judgment of the trial court in each case.


 James T. Campbell

 Justice




Do not publish.

1. Two additional counts had been consolidated for trial but the State dismissed
those counts, alleging offenses against another victim, before the case was submitted to
the jury.